UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WARREN GUIDRY AND JODI GUIDRY**  *Plaintiff* | * * * | CIVIL ACTION NO.  2:21-CV-01358 |
| **VERSUS** | * * | JUDGE   JAMES D. CAIN, JR. |
| **STATE FARM FIRE AND CASUALTY COMPANY**  *Defendant* | * * * | MAGISTRATE JUDGE   KATHLEEN KAY |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

NOW INTO COURT, through undersigned counsel comes complainants **WARREN GUIDRY** and **JODI GUIDRY**, (hereinafter "Complainants"), who file their Complaint for Damages against Defendant, **STATE FARM FIRE AND CASUALTY COMPANY** respectfully averring as follows:

**I.   PARTIES**

1.

Plaintiff is **WARREN GUIDRY**, a person of the full age of majority and resident of Calcasieu Parish, Louisiana.

2.

Plaintiff is **JODI GUIDRY**, a person of the full age of majority and resident of Calcasieu Parish, Louisiana.

3.

Made Defendant is **STATE FARM FIRE AND CASUALTY COMPANY**, a foreign insurance company authorized to do and doing business in the State of Louisiana, which may

be served through its registered agent for service of process, Hon. R. Kyle Ardoin, Secretary of State of Louisiana, 8585 Archives Avenue, Baton Rouge, Louisiana, 70801.

## II. JURISDICTION AND VENUE

4.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 and §1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

5.

Pursuant to 28 U.S.C. §1391(b), venue is proper in the Western District of Louisiana, Lake Charles Division because the property that is subject of this action and where the damages were sustained occurred within the Western District of Louisiana, Lake Charles Division.

## III. RELEVANT FACTS

6.

At all times relevant hereto, Complainants own the property located at 1075 Arsene Lebleu Rd Lake Charles, La 70607 (the "Property")

7.

At all times relevant hereto, **STATE FARM FIRE AND CASUALTY COMPANY** provided a policy of insurance, number **18B7N4745** (the "Policy"), to Complainants covering the Property against perils including hurricanes, and provided the following types of coverages commonly known as Dwelling, Other Structures, Contents/Personal Property, and Additional Living Expenses/Loss of Use.

**A. Hurricane Laura**

8.

On or around August 27, 2020, Hurricane Laura caused significant damages to the Complainants' Property.

9.

Complainants promptly reported the loss to **STATE FARM FIRE AND CASUALTY COMPANY**, who assigned claim number **18-10S0-31N** (the "Laura Claim")

10.

Due to the mandatory evacuation issued for Calcasieu Parish, the severity of the storm, and the lack of utilities in the area, Complainants were forced to evacuate and incurred Additional Living Expenses/Loss of Use damages.

11.

As soon as practicable, Complainants took steps to mitigate the damages to their home at their expense to the best of their ability under the circumstances.

12.

On **September 5, 2020**, an adjuster acting on behalf of **STATE FARM FIRE AND CASUALTY COMPANY** inspected the property and documented damages to the dwelling and other structures of the Property. The adjuster was given full access to the Property and his inspection was not limited by the Complainants in any way.

13.

The inspection of the Property on behalf of **STATE FARM FIRE AND CASUALTY COMPANY** constituted satisfactory proof of loss as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §22:1892 and §22:1973.

14.

The inspection of the property was inadequate and did not accurately account for the full extent of the damages to the Property.  Payments were issued to the Complainants based upon the inadequate inspection.

15.

Complainants were unable to make meaningful repairs to their Property with the insufficient proceeds allowed by **STATE FARM FIRE AND CASUALTY COMPANY**.

**B. Hurricane Delta**

16.

On or around October 9, 2020, Hurricane Delta caused significant damages to the Complainants' Property and exacerbated damages caused by Hurricane Laura.

17.

Complainants promptly reported the loss to **STATE FARM FIRE AND CASUALTY COMPANY**, who assigned claim number **18-12K1-39R** (the "Delta Claim").

18.

Due to the mandatory evacuation issued for Calcasieu Parish, the severity of the storm, and the lack of utilities in the area, Complainants were forced to evacuate and incurred Additional Living Expenses/Loss of Use damages.

19.

As soon as practicable, Complainants took steps to mitigate the damages to their home at their expense to the best of their ability under the circumstances.

20.

On **October 24, 2020**, an adjuster acting on behalf of **STATE FARM FIRE AND CASUALTY COMPANY** inspected the property and documented damages to the dwelling and other structures of the Property.  The adjuster was given full access to the Property and his inspection was not limited by the Complainants in any way.

21.

The inspection of the Property on behalf of **STATE FARM FIRE AND CASUALTY COMPANY** constituted satisfactory proof of loss as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §22:1892 and §22:1973.

22.

The inspection of the property was inadequate and did not accurately account for the full extent of the damages to the Property.  Payments were issued to the Complainants based upon the inadequate inspection.

23.

Complainants were unable to make meaningful repairs to their Property with the insufficient proceeds allowed by **STATE FARM FIRE AND CASUALTY COMPANY**.

24.

As a result of **STATE FARM FIRE AND CASUALTY COMPANY'S** failure to timely and adequately compensate Complainants for their covered losses, they were forced to incur the expense of retaining counsel and other expenses to accurately document their damage.

**C. Proofs of Loss**

25.

On or about **December 7, 2020**, a licensed public adjuster inspected the Property on behalf of, and at the extra expense of, the Complainants and created an estimate of damages that documented significantly more damages to the dwelling and other structures than the original estimate prepared on behalf of **STATE FARM FIRE AND CASUALTY COMPANY**, all of which was as a result of the Insurer's decision to inadequately adjust the claim.

26.

Multiple demands for the release of unconditional tenders were sent to **STATE FARM FIRE AND CASUALTY COMPANY** along with Complainants' adjuster's estimate demonstrating the true loss, which include, but are not limited to, those of: **January 7, 2021** and **February 2, 2021**.

27.

Upon information and belief, Complainants submitted a list of Additional Living Expenses/Loss of Use expenses incurred and damaged Contents prior to obtaining representation.

28.

Multiple demands, including but not limited to, those of **January 7, 2021** and **February 2, 2021,** list of Additional Living Expenses/Loss of Use expenses incurred, and list of damaged Contents all constituted satisfactory proofs of loss as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §22:1892 and §22:1973.

29.

To date, and despite being provided with satisfactory proofs of loss, **STATE FARM FIRE AND CASUALTY COMPANY** has chosen to underpay the claims.  Defendant is therefore in violation of La. R.S. §22:1892 and §22:1973.

30.

**STATE FARM FIRE AND CASUALTY COMPANY** failed to explain its denial or refusal to unconditionally tender the undisputed amount owed to Complainants.

31.

**STATE FARM FIRE AND CASUALTY COMPANY** failed to investigate or document their reasons for its denial or refusal to unconditionally tender the undisputed amount owed to Complainants.

32.

As a result of **STATE FARM FIRE AND CASUALTY COMPANY'S** failure to timely and adequately compensate Complainants for their substantial losses, the Property remains in a state of disrepair.

33.

The failure of **STATE FARM FIRE AND CASUALTY COMPANY**, as Complainants insurer, to make an adequate and timely payment for damages sustained, despite being provided with satisfactory proof of loss, is arbitrary and capricious given Complainants extensive damages, thereby rendering **STATE FARM FIRE AND CASUALTY COMPANY** liable in bad faith for failure to deal fairly with its insured, and consequently liable to Complainants for all damages under the law for property damages sustained by

Complainants due to Hurricanes Laura and Delta, as well as penalties and attorney's fees pursuant to La. R.S. §22:1973.

34.

Upon information and belief, **STATE FARM FIRE AND CASUALTY COMPANY** misrepresented to Complainants the terms and conditions of the policy.

35.

Upon information and belief, **STATE FARM FIRE AND CASUALTY COMPANY** conducted the investigation and claims handling for Complainants' claims in bad faith as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §22:1892 and §22:1973.

36.

Upon information and belief, **STATE FARM FIRE AND CASUALTY COMPANY** manipulated its pricing software to artificially suppress the cost of repairs below market value.

37.

Upon information and belief, **STATE FARM FIRE AND CASUALTY COMPANY** purposely or negligently failed to include adequate overhead and profit in its estimates of damages.

38.

Complainants have incurred or will incur additional expenses in restoring the Property as a result of **STATE FARM FIRE AND CASUALTY COMPANY'S** failure to timely compensate them for their substantial and covered losses.

39.

Complainants have incurred and will continue to incur additional living expenses/loss of use as a result of the damages caused to their Property by Hurricanes Laura and Delta, including those additional living expenses that will be incurred during the repair of the Property.

IV. **CAUSES OF ACTION**

A. **Breach of the Insurance Contract**

40.

Complainants re-allege and re-aver the allegations contained in paragraphs 1-39, above, as if restated herein.

41.

An insurance contract, the Policy, exists between Complainants and **STATE FARM FIRE AND CASUALTY COMPANY**.

42.

The Policy provides coverages for perils including hurricanes.

43.

Despite having received satisfactory proofs of loss for damages caused by Hurricanes Laura and Delta, **STATE FARM FIRE AND CASUALTY COMPANY** failed to timely tender adequate insurance proceeds as required by the Policy.

44.

**STATE FARM FIRE AND CASUALTY COMPANY** breached the policy when it failed to timely tender adequate insurance proceeds after having received satisfactory proofs of a

covered loss by way of the inspection completed by the adjuster on behalf of **STATE FARM FIRE AND CASUALTY COMPANY**.

45.

**STATE FARM FIRE AND CASUALTY COMPANY** breached the policy when it failed to timely tender adequate insurance proceeds after having received satisfactory proofs of a covered loss by way of the multiple demands submitted on behalf of Complainants.

46.

By misrepresenting the terms and conditions of the Policy, **STATE FARM FIRE AND CASUALTY COMPANY** breached the Policy.

47.

By failing to conduct the claims handling for Complainants claims in good faith and with fair dealing, **STATE FARM FIRE AND CASUALTY COMPANY** breached the Policy.

48.

By manipulating its pricing software to artificially suppress the cost of repairs below market value, **STATE FARM FIRE AND CASUALTY COMPANY** breached the Policy.

49.

By failing to include adequate overhead and profit in its estimates of damages, **STATE FARM FIRE AND CASUALTY COMPANY** breached the Policy.

50.

Complainants have suffered and continue to suffer damages as a result of these breaches of the Policy.

B. <u>Bad Faith</u>

51.

Complainants re-allege and re-aver the allegations contained in Paragraphs 1-50 above as if restated herein.

52.

The actions and/or inactions of **STATE FARM FIRE AND CASUALTY COMPANY** in failing to timely and adequately compensate Complainants for the covered losses under the Policy were arbitrary, capricious, and without probable cause, as those terms are used in conjunction with Louisiana's bad faith statutes, La R.S. §22:1892 and §22:1973, making **STATE FARM FIRE AND CASUALTY COMPANY** liable for statutory bad faith penalties.

53.

Under La. R.S. §22:1973, an insurer owes a duty of good faith and fair dealing to its insured and has an affirmative duty to adjust claims fairly and promptly. Failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. §22:1973.

54.

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. §22:1973.

55.

La. R.S. §22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

56.

**STATE FARM FIRE AND CASUALTY COMPANY** is in violation of La. R.S. §22:1973 and §22:1892 for failing to provide Complainants adequate payment in connection with their claim despite having received satisfactory proofs of loss following its own inspections of the Property and following its receipt of independent proofs of loss from Complainants.

57.

**STATE FARM FIRE AND CASUALTY COMPANY'S** misrepresentation of the relevant facts and/or terms of the Policy was in bad faith.

58.

**STATE FARM FIRE AND CASUALTY COMPANY'S** failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

59.

**STATE FARM FIRE AND CASUALTY COMPANY'S** failure to pay timely for damages it knew or should have known existed at the time it received the independent proofs of loss from Complainants was in bad faith.

60.

**STATE FARM FIRE AND CASUALTY COMPANY'S** manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

61.

**STATE FARM FIRE AND CASUALTY COMPANY'S** failure to include adequate overhead and profit in its estimates of damages was in bad faith.

62.

**STATE FARM FIRE AND CASUALTY COMPANY'S** handling of Complainant's claims was in bad faith.

V. <u>**DAMAGES**</u>

63.

Complainants re-allege and re-aver the allegations contained in Paragraphs 1-62 above as if restated herein.

64.

As a result of **STATE FARM FIRE AND CASUALTY COMPANY'S** breaches of contract, bad faith claims adjusting, and other bad acts, Complainants have incurred the following, non-exclusive damages:

a. Diminution in value of the Property;

b. Actual repair costs;

c. Reimbursement for personal repairs at the Property;

d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

e. Damages to personal property/contents;

f. Additional living/loss of use expenses;

g. Mental anguish;

h. Penalties delineated in La. R.S. §22:1892 and §22:1973; and

i. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

**WHEREFORE**, Complainants, **WARREN GUIDRY** and **JODI GUIDRY**, pray that Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there by a judgment entered in favor of Complainants and against **STATE FARM FIRE AND CASUALTY COMPANY** in an amount that will fully and fairly compensate Complainants pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

COMPLAINANTS FURTHER PRAY for all orders and decrees necessary in the premises, and for full, general and equitable relief.

Respectfully submitted:

**HOFFOSS DEVALL, LLC**

/s/ Claude P. Devall
CLAUDE P. DEVALL (29148)
Email: tclaude@hdinjurylaw.com
DONALD W. MCKNIGHT (10042)
Email: don@hdinjurylaw.com
D. COOPER FOURNET (34549)
Email: cooper@hdinjurylaw.com
MAX E. GUTHRIE (32487)
Email: max@hdinjurylaw.com
517 West College Street
Lake Charles, Louisiana 70605
Telephone:  (337) 433-2053
Facsimile:  (337) 433-2055

AND

**GUILLORY & CORCORAN, LLC**

/s/ Lawrence Sean Corcoran
LAWRENCE SEAN CORCORAN (34883)
Email:  sean@seancorcoranlaw.com
940 Ryan Street
Lake Charles, Louisiana 70601
Telephone:    (337) 433-5297
Facsimile:     (337) 433-1297


COUNSEL FOR PLAINTIFFS, WARREN GUIDRY AND JODI GUIDRY